# EXHIBIT 1

TREG TAYLOR
ATTORNEY GENERAL
Ronald W. Opsahl (Bar No. 2108081)
Assistant Attorney General
Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Fax: (907) 276-3697
Email: ron.opsahl@alaska.gov
*Attorneys for the State of Alaska*

Kathleen C. Schroder (*pro hac vice*)
Mark E. Champoux (*pro hac vice*)
Davis Graham & Stubbs LLP
3400 Walnut Street, Suite 700
Denver, CO 80205
Telephone: (303) 892-9400
Fax: (303) 893-1379
Email:
katie.schroder@davisgraham.com
mark.champoux@davisgraham.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, | ) |
| Plaintiff, | ) Case No. _____ |
| v. | ) **DECLARATION OF KIRK MORGAN** |
| UNITED STATES DEPARTMENT OF THE INTERIOR, DEB HAALAND, in her official capacity as Secretary of the Department of the Interior, LAURA DANIEL-DAVIS, in her official capacity as Acting Deputy Secretary, BUREAU OF LAND MANAGEMENT, TRACY STONE-MANNING, in her official capacity as Director of the Bureau of Land Management, and STEVEN M. COHN, in his official capacity as State Director of the Bureau of Land Management Alaska Office, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

I, Kirk Morgan, declare as follows:

1.  I am over 18 years of age and I am competent to testify from my first-hand knowledge or information provided me as an incident of my employment with the State of Alaska as to the matters set forth in this Declaration.

2.  I am a citizen of the United States and reside in Anchorage, Alaska.

3.  I currently serve as manager of the Resource Evaluation Section of the Alaska Division of Oil and Gas. I have worked for the State of Alaska for two years in this position.

4.  Prior to my current role, I served as a Petroleum Geologist in the Alaska Division of Oil and Gas for ten years. I joined the Division after 34 years in the oil and gas exploration and development industry, including employment with ARCO, Marathon, Wascana, ConocoPhillips, and Eni.

5.  I have an MS in geology from the University of Wisconsin.

6.  I have reviewed relevant portions of the Bureau of Land Management's November 8, 2024, Final Supplemental Environmental Impact Statement and its December 8, 2024, Record of Decision for the Coastal Plain Oil and Gas Leasing Program, Alaska.

7.  The Final SEIS asserts that "current horizontal drilling technology would allow operators to recover oil and gas from NSO [No Surface Occupancy] areas that are within up to six miles of an area where a well pad could be located." Final SEIS at 3-48.

8.  Based upon my experience, education, and professional opinion, the assumption of six-mile horizontal reach wells is unlikely to be reasonable for all the NSO

*State of Alaska v. U.S. Dep't of Interior, et al.* Page 2 of 4
Declaration of Kirk Morgan
Case 3:25-cv-00003    Document 1-1    Filed 01/06/25    Page 3 of 5

areas set aside by the BLM. The design of a horizontal drilling program requires information from exploration wells and there is a lack of well drilling data available in the area. There is also a lack of recent seismic information in the area, which is necessary to properly design a drilling program.

9. It is unlikely that an oil and gas exploration company would choose to drill a wildcat well horizontally. From an *exploration* perspective, horizontal drilling makes no sense because the goal of exploration drilling is to investigate many rock layers in order gain geologic information, such as reservoir quality, source rock quality and maturity, and likely sealing mechanisms needed for an economic hydrocarbon accumulation. Horizontal drilling does not provide these data adequately.

10. Moreover, the assumption of a six-mile horizontal reach also is not one that could be applied uniformly in a *development* context because it would depend on the depth of the reservoir, the faults in the area, reservoir thickness and pressure, hole stability, and many other factors.

11. In my view, the NSO requirements and assumptions of six-mile horizontal drilling are unrealistic and appear to be designed in a way to foreclose any economic oil and gas exploration and development from the Coastal Plain area.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

*State of Alaska v. U.S. Dep't of Interior, et al.* Page 3 of 4
Declaration of Kirk Morgan
Case 3:25-cv-00003 Document 1-1 Filed 01/06/25 Page 4 of 5

Executed on this 3rd day of January 2025.

                                      */s/ Kirk Morgan*
                                      Kirk Morgan
                                      Manager of Resource Evaluation
                                      Division of Oil and Gas
                                      Alaska Department of Natural Resources

*State of Alaska v. U.S. Dep't of Interior, et al.*                                                              Page 4 of 4
Declaration of Kirk Morgan
Case 3:25-cv-00003     Document 1-1     Filed 01/06/25     Page 5 of 5